## CIVIL MINUTES – GENERAL     'O'

| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
|---|---|---|---|
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Lisa Gonzalez | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Scott Calvert | Sevana Babooian |
| Michael Horrow | Linda Lawson |

**Proceedings:**     ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 20, filed January 25, 2019)

## I. INTRODUCTION

On July 23, 2018, plaintiff Steven Daneman filed this action in the Riverside County Superior Court against defendants The Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire"). Case No. 5:18-cv-01751, Dkt. 1-2. Plaintiff's complaint asserts two claims against defendants: (1) breach of contract and (2) breach of the implied duty of good faith and fair dealing. Id. In short, plaintiff alleges that defendants acted in bad faith when they denied plaintiff's insurance claim for residual disability benefits. On August 21, 2018, defendants removed the action to federal court. Dkt. 1.

Defendants filed the instant motion for summary judgment on January 25, 2019, dkt. 20 ("MSJ"), along with a separate statement of uncontroverted facts and conclusions of law, dkt. 20-2 ("DSUF"). On February 8, 2019, plaintiff filed its opposition, dkt. 23 ("Opp'n"), and statement of genuine disputes of facts, dkt. 23-1 ("PGDF"). Defendants filed a reply brief on February 22, 2019, dkt. 24 ("Reply"), and a response to plaintiff's statement of genuine disputes of fact, dkt. 24-4.

The Court held a hearing on the motion for summary judgment on March 11, 2019. Based on oral argument, the Court has reconsidered its tentative ruling in part based on exhibits 15, 16 and 19, which were not discussed in the briefing.

Having carefully considered the parties' arguments, the Court rules as follows.

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

## II.    BACKGROUND[1]

On May 18, 2000, Guardian issued an Individual Disability Insurance Policy to plaintiff, Policy No. G5981120 (the "Guardian Policy"), and on January 9, 2004, Berkshire issued an Individual Disability Insurance Policy to plaintiff, Policy No. Z0472190 (the "Berkshire Policy") (collectively the "Policies").  DSUF ¶ 1.  The Policies provide monthly disability benefits if plaintiff meets the terms and conditions of the Policies, including the definition of residual disability.[2]  The Policies define residual disability as: "not totally disabled under the terms of this policy but, because of sickness or injury your loss of income is at least 20% of your prior income."  DSUF ¶ 6.  On March 22, 2010, plaintiff was notified that the Berkshire Policy lapsed, effective January 9, 2010, due to nonpayment of premiums.  Declaration of Graff ("Graff Decl."), Dkt. 21, Ex. 3.

On or about March 21, 2013, plaintiff submitted a disability claim to defendants via telephone.  DSUF ¶ 8.  Plaintiff informed defendants he was seeking disability benefits dating back to 2006, after he learned that he suffered a concussion in 2006, and thereafter developed "post-concussion syndrome."  Id.  Plaintiff explained that while he continued working as a real estate broker following his accident, he experienced a loss of income, which potentially entitled him to residual disability benefits.  Id.  In an April 5, 2013 telephone call to defendants, plaintiff reported the date of his disability was January 1 or 2, 2006, but that he was still working.  DSUF ¶ 9; Graff Decl., Ex. 5.  Thereafter, defendants began an evaluation of plaintiff's claim for residual benefits under the Policies.  DSUF ¶ 10.

After reviewing the information submitted by plaintiff, defendants informed him by a letter dated April 14, 2014 that he was not eligible for "benefits from January 1, 2006 to January 1, 2013."  Graff Decl., Ex. 14 at 4.  The letter further stated, "[s]hould [plaintiff] feel that he is eligible for benefits beginning January 1, 2013," plaintiff will need to submit defendants' requested materials.  Id.  The letter explained that defendants denied plaintiff's claim because plaintiff did not receive medical care from 2006 to 2011 and that he did not meet the residual disability definition since his loss of income was .05%.  DSUF ¶ 15.  The letter also advised plaintiff that his coverage under the Berkshire

---

[1] Unless otherwise noted, the following facts are undisputed.
[2] For brevity, the Court cites only to the relevant provisions of the Guardian Policy. The terms governing the Berkshire Policy are essentially identical.

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

Policy has lapsed. As a result, the letter explained, "[d]uring the time this policy was in force, we have not found [plaintiff] to be eligible for benefits under this policy and it remains in a lapsed state. The claim under [the Berkshire Policy] will be closed." Graff Decl., Ex. 14 at 4. The letter concluded by stating:

> We would appreciate your assistance in helping us facilitate the claims process by returning the information to us within 30 days from your receipt of this letter. Should no additional information be received within the requested time frame, we will close our file. We are willing to review any additional documentation you feel would have a bearing on this determination. If you feel that we have reached this decision in error, please be advised that you have at least 180 days in which to appeal this decision.

Graff Decl., Ex. 14 at 5.

On July 1, 2014, plaintiff, through his doctor and then-attorney, submitted additional information to support his claim. DSUF ¶ 16; PGDF ¶ 37. After reviewing the additional information plaintiff submitted, defendants, by letter dated December 31, 2014, informed plaintiff that he was "not eligible for total or residual disability benefits under [the Guardian Policy] from January 1, 2013 to [December 31, 2014]. Graff Decl., Ex. 19 at 4. The December 31st letter also reiterated that he was not eligible for total or residual disability benefits under the Berkshire Policy because the policy lapsed. Id. The letter concluded by stating, "[w]ith regard to [the Guardian Policy], we are willing to review any additional documentation you feel would have a bearing on this determination." Id.

On June 16, 2015, plaintiff submitted a letter and documentation informing defendants that he stopped working entirely on September 30, 2014, and that he was claiming total disability, as opposed to the residual disability claim from 2006. DSUF ¶ 20; PGDF ¶ 41. After reviewing additional medical information plaintiff offered to support his total disability claim, defendants informed plaintiff, by letter dated August 31, 2015, that they determined he was "not eligible for total or residual benefits from September 30, 2014 to [August 31, 2015]." Graff Decl., Ex. 22 at 16. Defendants explained that they were "unable to evaluate [plaintiff's] eligibility for disability benefits from January 1, 2006 to September 30, 2014 as [plaintiff] has not provided us with the additional supporting documentation as indicated in your letter dated June 18, 2015." Id. Using identical language from previous letters, defendants advised plaintiff that they

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
|---|---|---|---|
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

were "willing to review any additional documentation you feel would have a bearing on this determination." Id.

On December 22, 2015, plaintiff appealed the position reached in defendants' August 16, 2015 denial letter. PGDF ¶ 47. In a letter dated April 4, 2016, defendants informed plaintiff that they "determined that [plaintiff's] disability onset date to be September 30, 2014" and approved his total disability claim under the Guardian Policy beginning on September 30, 2014, the date plaintiff stopped working, due to plaintiff's mental health restrictions and limitations related to his somatic symptom disorder. Graff Decl., Ex. 26. The April 4, 2016 letter did not mention plaintiff's residual disability claim for benefits from 2006. Id. The letter also denied plaintiff's total disability claim under the Berkshire Policy taking the position that the lapsed. Id.

On June 9, 2016, plaintiff again submitted documentation to support his disability claims dating back to January 2006. PGDF ¶ 53. Defendants informed plaintiff, by a letter dated September 1, 2016, that they reviewed the additional information submitted and determined that he "is not eligible for total or residual disability benefits from January 1, 2006 to September 30, 2014." Graff Decl., Ex. 28. Defendants again offered plaintiff the opportunity to appeal to this decision and indicated that they would to review any additional information submitted. Id. In response, on April 5, 2017, Dr. Daniel Sternberg, plaintiff's psychologist wrote a letter to defendants, stated that he determined that plaintiff's medical conditions were a result of the "brain injury" incurred in January 2006. DSUF ¶ 29.

On June 14, 2017, defendants informed plaintiff that Dr. Sternberg's opinion did not alter their decision, and plaintiff was not eligible for total or residual disability benefits from January 2006 to September 30, 2014. Graff Decl., Ex. 31. On July 23, 2018, plaintiff filed the present action against defendants for breach of contract and breach of the implied covenant of good faith and fair dealing. Dkt. 1-2.

## III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. Statute of Limitations

Defendants move for summary judgment, arguing that plaintiff's claims arising out of its April 14, 2014 denial of disability benefits are time barred under the terms of the Policies and under applicable California law.

"In a federal diversity action brought under state law, the state statute of limitations controls." Bancorp Leasing and Financial Corp. v. Augusta Aviation Corp., 813 F.2d 272, 274 (9th Cir. 1987). Under California Code of Civil Procedure ("CCP") § 337, a plaintiff must bring a breach of contract claim within four years of the accrual of the claim. Under CCP § 339, the statute of limitations for breach of the implied covenant of good faith and fair dealing is two years. See Love v. Fire Ins. Exchange, 221 Cal.App.3d 1136, 1144 n. 4 (1990).

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

In an action for breach of an insurance contract, the statute of limitations starts to run upon the insurer's unconditional or unequivocal denial of the insured's claim. See Vu v. Prudential Property & Cas. Ins. Co., 26 Cal. 4th 1142, 1149 (2001). Here, defendants argue that plaintiff's claims accrued on April 14, 2014, when defendants issued their first denial letter. MSJ at 10. In the April 14, 2014 letter, defendants informed plaintiff that "[b]ased on the information in our file, Mr. Daneman is not eligible for either total or residual benefits from January 1, 2006 to January 1, 2013." Graff Decl., Ex. 14 at 4. Id. The letter explained, in relevant part, that:

> Based on the financial information available to us, Mr. Daneman did not suffer a loss of income for either 2011 or 2012. Mr. Daneman is not eligible for residual disability benefits as he did not incur at least 20% loss of income and, therefore, does not satisfy the terms and conditions of the policies.

Id. The letter also explained that defendants "are unable to find [plaintiff] eligible for benefits under the terms of the policies as he did not receive medical treatment, was not under the care of a physician, and has no documented restrictions and limitations for this period." Id. The letter concluded by stating defendants "are willing to review any additional documentation you feel would have a bearing on this determination. If you feel that we have reached this decision in error, please be advised that you have at least 180 days in which to appeal this decision … You may also contact the Department of Insurance in your state …" Id. at 5.

Plaintiff argues that "a close reading of the text of [d]efendants' letters reveals that … the April 14, 2014 [letter] did not constitute an unequivocal, final denial of [plaintiff's] claim." Opp'n at 11. Relying on Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program, 222 F.3d 643 (9th Cir. 2000), plaintiff contends that by telling plaintiff that the decision was based on the information currently in the file, and by inviting him to furnish additional information, that the denial was equivocal. Opp'n at 10. Plaintiff's reliance on Wetzel is misplaced. In Wetzel, the Ninth Circuit held "the accrual of an ERISA cause of action is determined by federal, rather than state, law." Id. at 649. The court then applied the test under federal law to determine the date that the plaintiff's ERISA action accrued. Id. at 650. Here, plaintiff has not brought a claim under ERISA; rather, both of his claims arise under California law. Therefore, the Court

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
|---|---|---|---|
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

must apply California, not federal, law in determining the date plaintiff's claims accrued.

Under California law, "[a] statement of willingness to reconsider does not render a denial equivocal." Migliore v. Mid–Century Ins. Co., 97 Cal.App. 4th 592, 605 (2002); see also Justice H. Walter Croskey & Justice Marcus M. Kaufman, *California Practice Guide: Insurance Litigation* § 12:1143 (The Rutter Group 2018) ("[i]n an action to recover policy benefits, the statute starts to run upon the insurer's unconditional denial of the insured's claim.") In Migliore, the court found that the statement "we are unable to extend coverage to you" constituted "unequivocal language that no further payment on the claim would be made" even though the letter included a qualification that the insurer's decision was "based upon the information available to us at this time," an invitation to submit any other information that might affect the decision, and a notice of the right to review by the California Department of Insurance. Id.

Here, like in Migliore, defendants' stated willingness to reconsider its decision, its advisement of various means by which plaintiff might seek review of its decision and defendants actual review of its decision does not render the April 14, 2014 letter equivocal. See Heighley v. J.C. Penney Life Ins. Co., 257 F. Supp. 2d 1241, 1257 (C.D. Cal. 2003) ("[I]t is well-established in California that an invitation to provide further information does not render a denial equivocal."); Singh v. Allstate Ins. Co., 63 Cal. App. 4th 135, 147-48 (1998) ("[O]nce an unequivocal denial has been made, the insured's later requests for reconsideration do not serve the purposes of and do not extend the period of equitable tolling.") Accordingly, the Court finds the April 14, 2014 letter was an unequivocal denial of plaintiff's claim for residual benefits from January 1, 2006 to January 1, 2013.

The issue remains whether the April 14, 2014 letter was an unequivocal denial of plaintiff's post-January 1, 2013 benefits. As stated above, the April 14th letter stated plaintiff was "not eligible for either total or residual benefits from January 1, 2006 to January 1, 2013." Graff Decl., Ex. 14 at 4. However, the letter also instructed plaintiff to submit specific documentation should plaintiff "feel that he is eligible for benefits beginning January 1, 2013." Plaintiff contends he can "still maintain [his] cause of action for breach of contract from January 1, 2013 to September 30, 2014 against Guardian and January 1, 2013 and forward against Berkshire, as those benefits were not first denied until December 31, 2014." Opp'n at 14.

| CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

    With respect to the Berkshire Policy, the April 14, 2014 letter informed plaintiff that coverage under the Berkshire Policy had lapsed due to non-payment of premiums on January 9, 2010. Graff Decl., Ex. 14 at 4. The letter then stated, "[d]uring the time [the Berkshire Policy] was in force, we have not found Mr. Daneman to be eligible for benefits under this policy and it remains in a lapsed status. The claim under [the Berkshire Policy] will be closed." Id. The Court finds this language unequivocally denied plaintiff's post-2013 claims under the Berkshire Policy. The Court's conclusion is further reinforced by the subsequent denial letters, which reiterated that plaintiff's claim under the Berkshire Policy is denied because the policy lapsed. Graff Decl., Ex. 19 at 4, Ex. 28 at 5, Ex. 31. See Messenger v. Unum Grp., 2018 WL 4945725, at *3 (C.D. Cal. Feb. 13, 2018) (finding that subsequent letters referencing the prior denial of plaintiff's insurance claim supported a finding that the first denial letter was unequivocal).

    With respect to the Guardian Policy, however, the April 14, 2014 letter was not an unequivocal denial of plaintiff's post-2013 claims. The letter specifically denied plaintiff's claim for disability benefits from January 1, 2006 to January 1, 2013 and instructed plaintiff to submit specific documentation to support his disability claim for January 1, 2013 and forward. Therefore, the April 14th letter, on its face, cannot be an unconditional denial of plaintiff's 2013 claims under the Guardian Policy. These claims were unequivocally denied on December 31, 2014 when defendants informed plaintiff that "[b]ased upon the medical information currently contained in Mr. Daneman's file and the fact that we have not received the requested financial documentation, we have determined that Mr. Daneman is not eligible for total or residual disability benefits under [the Guardian Policy] from January 1, 2013 to [December 31, 2014]." Graff Decl., Ex. 19 at 3-4. As such, plaintiff's claims against Guardian relating to benefits from January 1, 2013 to September 30, 2014 accrued on December 31, 2014.

    The Court finds that plaintiff's claim under the Berkshire Policy and plaintiff's claim for benefits from January 1, 2006 to January 1, 2013 under the Guardian Policy was unequivocally denied on April 14, 2014, which is when the statute of limitations for these claims began to run. The statute of limitations ran on these claims on April 14, 2018 (breach of contract) and April 14, 2016 (breach of the covenant of good faith and fair dealing). Therefore, the statute of limitations ran on these claims because plaintiff filed this action on July 23, 2018.

### CIVIL MINUTES – GENERAL     'O'

| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
|----------|------------------------|------|----------------|
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

With respect to plaintiff's claim against Guardian for benefits from January 1, 2013 to September 2014, the statute of limitations began to run on December 31, 2014. The statute of limitations for breach of the covenant of good faith and fair dealing ran on December 31, 2016, so this claim is barred. However, the statute of limitations did not run on plaintiff's breach of contract claim against Guardian insofar as it relates to the denial of benefits from January 1, 2013 to September 14, 2014 because plaintiff filed this action within four years of December 31, 2014. Therefore, the Court must determine whether plaintiff's breach of contract claim against Guardian is contractually time barred.

### B. Contractually Time Barred

Defendants argue plaintiff's claims are likewise time barred by the contractual limitation period in the Policies. The Guardian Policy contains the following contractual limitations provision:

### LEGAL ACTIONS

No one can bring an action at law or in equity under the policy until 60 days after written proof has been furnished as required by this policy. In no case can an action be brought against the Guardian more than three years after written proof must be furnished.

Graff Decl., Ex. 1 at 13-14; see California Insurance Code § 10350.11 ("[n]o action at law or in equity shall be brought ... after the expiration of three years after the time written proof of loss is required to be furnished."); CBS Broad. Inc. v. Fireman's Fund Ins. Co., 70 Cal. App. 4th 1075, 1082 (1999) ("[s]ections 10350.1 through 10350.12 set out provisions which must be included in every disability policy").

"Where the contractual provision is more restrictive than the statute of limitations, the insured must comply with both." Heighley, 257 F. Supp. 2d at 1258. "Compliance with the contractual provision will not save a claim, however, where the statute of limitations has already expired." Id. As the Court has found that the statute of limitations has not ran on plaintiff's breach of contract claim against Guardian, the Court must determine whether this claim is barred by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

three-year contractual limitation set forth in the policy. <u>Wetzel</u>, 222 F.3d at 647-48 ("the provisions [limiting the time in which suit may be brought under a disability contract] create enforceable contractual limitations periods for bringing suit on an insurance contract.")

Under the Guardian Policy, plaintiff is barred from filing suit more than three years after proof of loss is required to be furnished. The parties dispute the date on which proof of loss was due. According to defendants, plaintiff's proof of loss was due no later than January 1, 2007, one year after January 1, 2006, the date plaintiff claimed he became residually disabled. MSJ at 11-12. According to plaintiff, proof of loss is not due until three months after the insured either recovers from his disability or reaches the age limit for termination of benefits. Opp'n at 21. Thus, plaintiff maintains the three-year period has not begun to accrue because plaintiff is still disabled and has been since September 30, 2014. <u>Id.</u> at 20.

The Court finds neither party is correct. Under the Guardian Policy's "Time for Filing Proof of Loss" provision, plaintiff must give Guardian "proof of loss at our home office or at any agency office: for loss from disability within 90 days after the end of the period for which we are liable; and for any other loss within 90 days after the date of loss." Graff Decl., Ex. 1 at 13. The Guardian Policy further provides if plaintiff "cannot reasonably give us proof of loss within such time, we will not deny or reduce claim if you give us proof as soon as possible. But we will not pay benefits in any case if proof is delayed more than one year, unless you have lacked legal capacity." <u>Id.</u>

The only remaining issue before the Court is whether plaintiff can maintain a breach of contract claim against Guardian for the denial of benefits from January 1, 2013 to September 30, 2014. For this specific time period, plaintiff's claimed residual disability ended on September 30, 2014, the date Guardian determined plaintiff met the definition of "total disability" under the Policies. This interpretation is consistent with the majority approach that the phrase "period for which the [insurer] is liable" must be "interpreted to encompass the entire length of an ongoing period of disability." <u>Gray v. United of Omaha Life Insurance Co</u>, 251 F.Supp.3d 1317, 1324 (C.D. Cal. 2017) (citing <u>Hofkin v. Provident Life & Acc. Ins. Co.</u>, 81 F.3d 365, 372 (3d Cir. 1996); <u>Harris v. Prudential Ins. Co. of Am.</u>, 93 Fed.Appx. 139, 142–43 (9th Cir. 2004) (Reinhardt, J., dissenting) (referring to the <u>Hofkin</u> approach as "the rule adopted by virtually every state to have considered the question"). Therefore, under the Policies, proof of loss would have been required no later than December 30, 2015, which is one year and 90

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

days from the time of disability. See Bonin v. Provident Life & Accident Ins. Co., 2015 WL 1967260, at *4 (N.D. Cal. May 1, 2015) (determining that proof of loss was due one year and ninety days after plaintiff's claimed disability began based on nearly identical contractual provisions). Plaintiff was therefore required to file suit before December 30, 2018, or within three years of December 30, 2015. Because plaintiff filed suit on July 23, 2018, plaintiff's breach of contract claim against Guardian is not barred by the three-year contractual limitation.

### C. Equitable Tolling

"Equitable tolling is a judge-made doctrine" under California law, which operates "to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Lantzy v. Centex Homes, 31 Cal. 4th 363, 370, (2003). In the insurance context, a claim is equitably tolled from the date of notice to the insurer "to the time the insurer formally denies the claim in writing." Prudential-LMI Com. Ins. v. Superior Court, 51 Cal. 3d 674, 693 (1990).

Under California law, "[a]n insured's request to an insurer to reconsider a denial will not toll a limitations period, but an insurer's agreement to reopen and reinvestigate can toll the limitations period." Gaylord v. Nationwide Mut. Ins. Co., 776 F. Supp. 2d 1101, 1114 (E.D. Cal. 2011) (citing Ashou v. Liberty Mut. Fire Ins. Co., 138 Cal. App. 4th 748, 762-63 (2006) (J. Croskey)). At the hearing, plaintiff's counsel argued that the April 14, 2014 letter was not an unequivocal denial of plaintiff's disability benefits because defendants sent subsequent letters informing plaintiff that defendants reopened his claims. Graff Decl., Ex. 15, 16. The Court agrees with plaintiff with respect to his claims under the Guardian Policy for benefits from January 1, 2006 to January 1, 2013.[3]

As stated above, on April 14, 2014, defendants denied plaintiff's claim under the Guardian Policy for disability benefits from January 1, 2006 to January 1, 2013. Graff Decl., Ex. 14. In response, on July 1, 2014, plaintiff's physician sent defendants updated medical records to support plaintiff's claim for disability. DSUF ¶ 16. On July 11, 2014, defendants sent a letter to plaintiff's then-attorney stating "[a]s discussed, we

---

[3] The Court need not determine whether plaintiff's breach of contract claim against Guardian for benefits January 1, 2013 to September 30, 2014 was equitably tolled because plaintiff filed within the contractual limitations period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

have re-opened [plaintiff's] claim at this time and are willing to review any new information you have in support of his disability." Graff Decl., Ex. 15. Subsequent correspondence further indicates that defendants agreed to reopen plaintiff's claim under the Guardian Policy. On August 1, 2014, defendants sent plaintiff's then-attorney another letter regarding plaintiff's claim for disability benefits. Graff Decl., Ex. 16 at 127. The letter stated, "we have re-opened [plaintiff's] claim and are willing to review any new information you have in support of his disability, however we cannot keep the file open indefinitely without new information. Id. On August 26, 2014, defendants sent yet another letter to plaintiff's then-attorney, stating "we are willing to review any new information you have in support of his disability, however we cannot keep the file open indefinitely without new information." Id. at 130. Defendants sent four additional letters on September 18, 2014, October 13, 2014, November 4, 2014, and November 25, 2014 to plaintiff's then-attorney requesting additional information for plaintiff's "ongoing claim for disability benefits." Id. at 132, 134 , 137, 140.

    The Court finds that equity dictates that the subsequent correspondence between defendant and plaintiff's then-attorney tolled the statute of limitations. See Ashou, 138 Cal.App.4th 762 ("[a]s one of the purposes of equitable tolling is to allow the insurers time to conduct full investigations into claims made, equitable tolling should only apply—in the context of a previously denied claim—when the insurer has agreed to reopen and reinvestigate the claim."). As such, the statute of limitations was equitably tolled from the time plaintiff gave notice of a claim until the defendants denied coverage. See Justice H. Walter Croskey & Justice Marcus M. Kaufman, *California Practice Guide: Insurance Litigation* § 12:1160 (The Rutter Group 2018) (citing Forman v. Chicago Title Ins. Co., 32 Cal. App. 4th 998, 1002 (1995)).

    Here, defendants unequivocally affirmed their denial of plaintiff's claim for disability benefits under the Guardian Policy in a letter dated December 31, 2014. Graff Decl., Ex. 19. Therefore, the statute of limitations was tolled through December 31, 2014 for plaintiff's claims under the Guardian Policy for benefits from January 1, 2006 to January 1, 2013. With respect to plaintiff's breach of the implied covenant of good faith and fair dealing claim against Guardian, the statute of limitations was tolled until December 31, 2016. This claim would still be barred because the claim is subject to a two-year statute of limitations. Plaintiff's breach of contract claim against Guardian for

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:18-cv-01751-CAS-SPx | Date | March 11, 2019 |
| Title | STEVEN DANEMAN v. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ET AL. | | |

these benefits, however, is not barred because plaintiff filed this action within four years of December 31, 2018.[4]

## V.  CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.  The Court **GRANTS** defendants' motion for summary judgment on plaintiff's breach of contract claim against Berkshire and plaintiff's breach of implied covenant of good faith and fair dealing claim against both defendants.  The Court **DENIES** defendants' motion for summary judgment on plaintiff's breach of contract claim against Guardian.

IT IS SO ORDERED.

| | 00 | : | 14 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[4] The Court finds that the doctrine of equitable tolling is inapplicable to plaintiff's claims under the Berkshire Policy because the subsequent correspondence does not show defendants reopened plaintiff's claims.  Rather, each subsequent letter sent by defendants each reference that the Berkshire Policy has lapsed in the subject line.  Graff Decl., Ex. 15, 16.  The December 31, 2014 letter further supports this determination as it reiterated that plaintiff was not eligible for disability benefits because the policy had lapsed and concluded by inviting plaintiff to submit additional information only "with regard to policy G5981120" (i.e. Guardian Policy).  Graff Decl., Ex. 19.  Therefore, plaintiff's claims under the Berkshire Policy accrued on April 14, 2014, the date defendants informed plaintiff that his "claim under [the Berkshire Policy] will be closed."  Graff Decl., Ex. 14.  Accordingly, the statute of limitations ran on April 14, 2016 (breach of the covenant of good faith and fair dealing) and April 16, 2018 (breach of contract) and plaintiff's claims under the Berkshire Policy are time barred.